1   Mathew K. Higbee, Esq., SBN 241380
2   Ryan E. Carreon, Esq., SBN 311668
    **HIGBEE & ASSOCIATES**
3   1504 Brookhollow Dr., Suite 112
    Santa Ana, CA 92705
4   (714) 617-8336
    (714) 597-6729 facsimile
5   mhigbee@higbeeassociates.com
    rcarreon@higbeeassociates.com
6
    Attorney for Plaintiff,
7   ELLIOT MCGUCKEN,

8                 **UNITED STATES DISTRICT COURT
                  CENTRAL DISTRICT OF CALIFORNIA**
9

10    ELLIOT MCGUCKEN,                    Case No. 2:20-cv-01339-SVW-SK

11                        Plaintiff,      **RESPONSE TO ORDER TO SHOW
                                          CAUSE**
      v.
12
      LINX  STUDIO, INC.; ARTHUR
13    KAMYSHYAN; and DOES 2-10,
      inclusive,
14
                          Defendant.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          1
                    **RESPONSE TO ORDER TO SHOW CAUSE**

## I.    INTRODUCTION

This is a copyright infringement lawsuit filed by Plaintiff Elliot McGucken ("McGucken") against Defendants Linx Studio, Inc. and Arthur Kamyshyan (collectively "Linx Studio") arising out of infringing use of certain photographs owned by McGucken.

McGucken is a photographer and the owner and exclusive rights holder to three fine art photograph. Linx Studio is a printing company that provides a wide variety of printing services and printed products such as metal and canvas prints, mugs, coasters, and t-shirts. In late 2019, McGucken discovered that Linx Studio was utilizing his photographs in advertisements on various social media platforms, which also suggested that Linx Studio was engaging in the production and sale of unauthorized prints of McGucken's photographs.

On February 2, 2020, McGucken filed the instant lawsuit naming Linx Studio Inc. as the sole Defendant. Dkt. #1. On February 11, 2020, Linx Studio was served through its agent. Dkt. #9. Shortly thereafter, Plaintiff's counsel began corresponding with Arthur Kamyshyan who is the owner of Linx Studio Inc. Declaration of Ryan E. Carreon ("Carreon Decl.") ¶4. Thereafter, McGucken decided to amend his Complaint as a matter of course pursuant to Federal Rules of Civil Procedure (a)(1)(A) to add Kamyshyan as an individual defendant, and an amended complaint was filed on March 4, 2020. Dkt #11. Kamyshyan was subsequently served on March 12, 2020. Dkt. #16.

On March 31, 2020, McGucken filed a request that the deadline for Defendants to respond be extended until May 2, 2020, in order to Defendants to retain counsel, which was subsequently granted. Dkt. #17-18.

On May 1, the day before Defendants' response was to be due, Kamyshyan contacted Plaintiff's counsel and stated that he had mailed a document to the Court requesting a further extension of time to respond. Carreon Decl. ¶9. Plaintiff's counsel was unaware of this filing and requested a copy, which Kamyshyan

RESPONSE TO ORDER TO SHOW CAUSE

1  provided. Carreon Decl. ¶10, Exhibit A.

2      Subsequently, on May 4, 2020 the Court docketed Defendants' Request for

3  an Extension of Time. Dkt. #20. That same day the Court issued an Order to Show

4  Cause why the case should not be dismissed for lack of prosecution. Dkt. #19. As

5  of the date of this Response, Defendants' request for an extension appears to have

6  been received by the Clerk, but the Court has not yet ruled on the requested

7  extension.

8  **II.    THE COURT SHOULD NOT DISMISS THIS ACTION**

9      It is well-established that a district court has authority to dismiss a plaintiff's

10  action because of his or her failure to prosecute and/or to comply with court orders.

11  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30

12  (1962) (court's authority to dismiss for lack of prosecution is necessary to prevent

13  undue delays in the disposition of pending cases and avoid congestion in district

14  court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district

15  court may dismiss action for failure to comply with any order of the court).

16      In this case, the Court should not dismiss this action for lack of prosecution.

17  Although, Defendants' answer is currently past due, it appears that prior to the

18  response deadline, Defendants' attempted to file by mail a document requesting an

19  extension of time dated May 1, 2020. Dkt. #20. It also appears that the document

20  was actually received by the Court and docketed. *Ibid.* As of the date of this

21  Response, the Court has not yet ruled on the requested extension. Because

22  Defendants have made an apparently timely request for an extension, and because

23  the Court has yet to rule on the requested extension, McGucken has not filed for

24  default. Furthermore, McGucken does not believe requesting default would be

25  appropriate at this time since it would likely be mooted or rejected if the Court

26  grants Defendants' request for an extension.

27      Therefore, Plaintiff Elliot McGucken respectfully requests that the Order to

28  Show Cause be discharged.

3

**RESPONSE TO ORDER TO SHOW CAUSE**

**III.    CONCLUSION**

Plaintiff Elliot McGucken respectfully requests that the Order to Show Cause be discharged.

Dated: May 11, 2020                                     Respectfully submitted,

**/s/ Ryan E. Carreon**
Ryan E. Carreon, Esq.
Cal. Bar No. 311668
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8336
(714) 597-6559 facsimile
*Counsel for Plaintiff*

**RESPONSE TO ORDER TO SHOW CAUSE**